WILLIAM O. EICHELBERGER  
vs. } DECEMBER TERM, 1851.  
NATHAN HARRISON.

[ACT OF 1833, CH. 181, RELATING TO MORTGAGES, CONSTRUCTION OF, ETC.]

THE Act of 1833, ch. 181, contemplates that the proceedings upon mortgages taken under it should be *ex parte*, until after the decree and sale, and that the propriety of the decree and the validity of the sale may be inquired into and contested after the order of ratification *nisi*, and before the final order.

The mortgagor in such a mortgage cannot, therefore, complain that he had no notice of the application for a decree; neither can he prevent the sale under the decree, upon the ground that he is entitled to credits against the debt secured by the mortgage, which credits existed, if at all, prior to and at the time of its execution.

[The facts of this case are fully stated in the opinion of the Chancellor.]

THE CHANCELLOR:

It is quite evident, that the proceeding upon mortgages, like the present, which was taken in conformity with the provision contained in the second section of the Act of December session, 1833, ch. 181, being "an Act relating to mortgages," was contemplated to be *ex parte*, until after the decree and the sale under the decree, and that the propriety of the decree and the validity of the sale made thereunder were to be inquired into and contested after the passage of the order of ratification *nisi*, and before the final order of confirmation should be passed.

The second section expressly provides, that when mortgages are executed in the manner therein specified, the mortgagees may at any time, after filing the same to be recorded, submit the original, or an official copy, to the Chancellor, or Baltimore County Court, or any Judge thereof, who may thereupon *forthwith* decree a sale of the mortgaged premises, and appoint a trustee to make the sale; the sale to be made at any one of the periods limited in the mortgage for the payment of the

mortgage debt. And the only *prerequisite* to the sale is to be found in the third section, which requires the mortgagee before the sale, and after the arrival of the period limited therefor, to file in the Chancery Court, or in Baltimore County Court, a statement of his claim, verified in the mode therein pointed out, that is, by his oath before the Chancellor or Judge, or, according to a supplement to the Act passed at December session, 1839, ch. 9, before any justice of the peace.

The fourth section, however, provides, that the trustee shall make report of his sale to the Chancellor or Baltimore County Court, as the case may be, and that orders may be passed touching the ratification thereof, as is now practiced on sales of mortgaged property in said Courts, and that, as cause against the ratification, allegations may be made and proof exhibited under the orders of the Court, to show that the sale should not have been made, and that, upon being satisfied of the truth of the. allegations, the Courts shall reject the sale, and throw the whole expense thereof, including the commissions of the trustee, upon the party who put the proceeding in motion.

The defendant, therefore, in this case, Mr. Harrison, cannot justly complain that he had no notice of the application for a decree, even if his complaint of the want of notice was conceded or proved, which, however, is not the case, his petition in that respect being expressly contradicted by the answer of the complainant, and there being no evidence whatever in support of the averment.

The decree in this case was passed on the 9th of April, 1851, upon a petition and exhibition of a duly authenticated copy of the mortgage, and the trustee, having bonded as required, advertised the property to be sold on the 19th of July, 1851, all the instalments of the debt having then become due, the complainant having previously, on the 12th of July, 1851, filed in the Court a statement of his claim, verified according to the Act of Assembly.

The mortgage debt, as expressed upon the face of the instrument, is $1000, having been executed to secure the pay-

ment of three notes of $333 33, each dated 8th of August, 1850, payable six, eight, and ten months after date, and the mortgage and the notes bear the same date.

On the 15th of July, 1851, the defendant filed his petition in the cause, in which he alleges that the amount secured by the mortgage had been materially reduced by various dealings and pecuniary transactions between the parties, and he exhibited an account, by which it appeared that the balance due from him very little exceeded one-third of the mortgage claim. This account places upon the credit side the three notes secured by the mortgage; and all the charges on the other side, but three of inconsiderable amount, bear date anterior to the mortgage.

Upon the filing of this petition, however, in which it is alleged that a large portion of the sum included in the mortgage, and for which the property was about to be sold, had been paid, or was not due, the petition being sustained by the affidavit of the petitioner, and an offer made to pay the sum really and in fact due, in order to prevent a sale of the mortgaged premises, I deemed it proper to suspend the sale until the other side could be heard from, and passed an order to that effect. The complainant has since answered the petition, and proof has been taken on both sides, and the question argued on one side in writing, and on the other orally.

From the answer and the evidence, I can see no reason to doubt that the sum expressed in the mortgage is *bona fide* due, and I do not, therefore, feel myself at liberty to send the case to the Auditor for an account. The Act of the Legislature, under which the mortgage in question was taken, was passed for the purpose " of facilitating the enforcement of mortgages of real property and estate in the city of Baltimore." It declares, after saying that such is its object, " that in all cases of conveyances, by way of mortgage, of lands, &c., situate in the city of Baltimore, and where in the said conveyances the mortgagor shall declare his assent to the passing of a decree, as hereinafter mentioned, it shall and may be lawful for the mortgagees or their assigns, at any time after the

filing the same to be recorded, to submit to the Chancellor, or to Baltimore County Court, or any Judge thereof, the said conveyances or copies, under seal, and the said Chancellor, or Court, or Judge aforesaid, may thereupon forthwith decree," &c.

Now, in this case the mortgagor did declare his assent to the passage of such a decree, and yet, after having done so, he proposes to arrest the execution of the decree upon the ground chiefly of his being entitled to credits, which, if they exist at all, existed prior to and at the time of its execution. Certainly, if difficulties of this kind may be interposed under such circumstances, the object of the Act of Assembly will be essentially frustrated.

But, apart from this objection to the petition, I repeat what I have already said, that, looking to the answer to it, and the evidence which has been taken, I see no reason to doubt that the whole amount claimed by the mortgage is due, and I shall therefore dismiss the petition, reserving, however, to the petitioner the right to show himself entitled to credits (if he can do so) at a subsequent stage of the proceedings.

HENRY WEBSTER, for Complainant.
CHARLES F. MAYER, for Defendant.

[An appeal was taken in this case, which is still pending.]